IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Progressive Southeastern Insurance Company, | ) ) | C/A No. 0:23-cv-00701-DCC |
| Plaintiff, | ) | |
| | ) ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Kevin Rodriguez, D&E Glass LLC, Jessica Marin Serrato, Javier Duran, and Darwin Lemus, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Motion for Summary Judgment. ECF No. 23. Defendants Kevin Rodriguez, Jessica Marin Serrato, and Javier Duran (collectively, the "Responding Defendants") filed a Response in Opposition, and Plaintiff filed a Reply.[1] ECF Nos. 25, 26. For the reasons set forth below, the Motion is granted.

## I. BACKGROUND

This case arises out of an underlying lawsuit in the York County Court of Common Pleas filed by the Responding Defendants and non-party Anna Euceda against Defendants Lemus and D&E (the "Underlying Lawsuit"). ECF Nos. 24 at 2; 1-2 at 2. The Underlying Lawsuit is premised upon the allegations that on October 13, 2020, Defendant Lemus, as an employee and agent for Defendant D&E, was operating a vehicle owned

---

[1] Defendants Darwin Lemus and D&E Glass LLC ("D&E") have not appeared, nor have they responded to this motion. While Defendant D&E has been served, ECF No. 14, it appears from the record that Defendant Lemus has not been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. Accordingly, Defendant Lemus is hereby **DISMISSED** from this action without prejudice. *See* Fed. R. Civ. P. 4(m).

by Defendant D&E when it collided with Defendant Duran's mobile home, which was subsequently knocked into Defendants Rodriguez's and Serrato's vehicle. ECF Nos. 24 at 2; 1-2 at 3–4. The Underlying Complaint seeks punitive damages. ECF Nos. 1 at 4; 6 at 2; 24 at 3.

Plaintiff is Defendant D&E's insurer and had issued a North Carolina commercial auto policy, Policy Number 06168456-3 (the "Policy"), to Defendant D&E, with effective dates from May 18, 2020, to May 18, 2021. ECF Nos. 1 at 2; 6 at 1; 24 at 1. The Policy provides a $1,000,000 liability to others combined single limit, and lists Defendant D&E's address as a Waxhaw, North Carolina address. ECF Nos. 1 at 2; 6 at 1. The Policy provides in pertinent part:

> PART I – LIABILITY TO OTHERS
> INSURING AGREEMENT – LIABILITY TO OTHERS
> Subject to the Limits of Liability, if you pay the premium for liability coverage for the insured auto involved, we will pay damages, other than punitive or exemplary damages, for bodily injury, property damage, and covered pollution cost or expense, for which an insured becomes legally responsible because of an accident arising out of the ownership, maintenance or use of that insured auto . . . .

ECF Nos. 1 at 2–3; 6 at 1–2; 24 at 2.

Plaintiff filed this declaratory judgment action seeking a declaration that the Policy does not provide coverage for punitive damages. *See* ECF No. 1. In response to Plaintiff's complaint, the Responding Defendants answered and filed a counterclaim against nonparty Progressive Northern Insurance Company ("Progressive Northern"). *See* ECF No. 6. In their counterclaim, the Responding Defendants seek a declaratory judgment that the Court declare the policy issued to Defendants Rodriguez and Serrato

2

by Progressive Northern, policy number 929383738 (the "Counterclaim Policy") provides

coverage for their damages "in the event [Plaintiff] does not provide coverage for punitive

damages" because then "[Defendants D&E and Lemus] are uninsured pursuant to South

Carolina Law." *Id.* at 4–5.

On March 25, 2024, Plaintiff filed this Motion for Summary Judgment.  ECF No.

23.  On April 8, 2024, the Responding Defendants filed their response in opposition to

Plaintiff's motion.  ECF No. 25.  On April 11, 2024, Plaintiff filed its Reply.  ECF No. 26.

Plaintiff's Motion is now ripe for review.

## II.  APPLICABLE LAW

### A.  Summary Judgment Standard

Rule 56 states, as to a party who has moved for summary judgment, "[t]he court

shall grant summary judgment if the movant shows that there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect

disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that

a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining

whether a genuine issue has been raised, the court must construe all inferences and

ambiguities against the movant and in favor of the non-moving party.  *United States v.*

*Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating

to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-

moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce evidence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

4

### III.  DISCUSSION

As an initial matter, "[a] federal court sitting in diversity is required to apply the substantive law of the forum state, including its choice-of-law rules." *Francis v. Allstate Ins Co.*, 709 F.3d 362, 369 (4th Cir. 2013) (citations omitted).  "Under South Carolina choice of law rules, an insurance policy is governed by the law of the state in which the policy was issued." *Ranta v. Cath. Mut. Relief Soc. of Am.*, 492 F. App'x 373, 375 (4th Cir. 2012) (quoting *Unisun Ins. Co. v. Hertz Rental Corp.*, 436 S.E.2d 182, 184–85 (S.C. Ct. App. 1993)).  Plaintiff contends that since the Policy at issue here was issued in North Carolina for a North Carolina corporation covering vehicles primarily garaged in North Carolina, North Carolina law governs its interpretation and enforceability.  ECF No. 23-1 at 2.  The Responding Defendants do not dispute that North Carolina law applies.  ECF No. 25 at 1.  Accordingly, the Court will apply the substantive law of North Carolina in deciding Plaintiff's Motion.

### A.  Coverage Under the Policy

Plaintiff argues coverage of punitive damages is clearly excluded by the plain language of the Policy.  ECF No. 23-1 at 3–4.  Plaintiff further contends that the Policy's out-of-state coverage exception does not apply to increase coverage to include punitive damages and that even if it applied, the limits of the Policy have been exhausted.  *Id.* at 4–9.  The Responding Defendants argue only that the Policy language is ambiguous as to whether punitive damages are excluded. ECF No. 25 at 1–3.  Because the Responding Defendants failed to respond to Plaintiff's other arguments concerning the Policy's out-of-state coverage exception and exhaustion of the Policy's limits, those arguments are deemed conceded, and the Court will not address them.  *Matusiewicz v. Florence Cnty. Sheriff's Off.*, No. 4:16-cv-01595-DCC-KDW, 2019 WL 3416616, at *8 (D.S.C. May 30,

2019), *report and recommendation adopted*, 2019 WL 3413385 (D.S.C. July 29, 2019) ("Where a party fails to respond to the opposing party's argument in support of the opposing party's motion for summary judgment, the party who fails to respond will be found to have conceded to that argument.")  Accordingly, the Court now turns to whether punitive damages are clearly excluded by the Policy.

Under North Carolina law, the "interpretation of an insurance policy is based on the fundamental principle that the plain language of the policy controls." *N. Carolina Farm Bureau Mut. Ins. Co., Inc. v. Martin by & through Martin*, 851 S.E.2d 891, 895 (2020) (citing *Lunsford v. Mills*, 766 S.E.2d 297 (N.C. 2014)).  "[W]hen interpreting an insurance policy the goal of construction is to arrive at the intent of the parties when the policy was issued."  *Id.*  Thus, "[w]here a policy defines a term, that definition is to be used. If no definition is given, nontechnical words are to be given their meaning in ordinary speech, unless the context clearly indicates another meaning is intended."  *Id.*  "[A]mbiguities in the terms of an insurance policy must be construed against the insurer and in favor of coverage."  *Id.*  However, "this rule of construction is only triggered 'when a provision in an insurance agreement is ambiguous.'"  *Id.* (citing *Harleysville Mut. Ins. Co. v. Buzz Off Insect Shield, L.L.C.,* 692 S.E.2d 605 (N.C. 2010)).

> To be ambiguous, the language of an insurance policy provision must, in the opinion of the court, [be] fairly and reasonably susceptible to either of the constructions for which the parties contend. If the language is not "fairly and reasonably susceptible" to multiple constructions, then we "must enforce the contract as the parties have made it and may not, under the guise of interpreting an ambiguous provision, remake the contract and impose liability upon the company which it did not assume and for which the policyholder did not pay."

6

*Id.* at 895–96 (citations and omitted).  An ambiguity "is not established by the mere fact that the plaintiff makes a claim based upon a construction of [the policy] language which the company asserts is not its meaning"—rather, an ambiguity exists only when the language of the policy could reasonably support "either of the constructions for which the parties contend." *Id.* at 896 (citing *Wachovia Bank & Tr. Co. v. Westchester Fire Ins. Co.*, 172 S.E.2d 518 (N.C. 1970)).

As an initial matter, under North Carolina law, if an insurance company wishes to exclude punitive damages from coverage, it must do so explicitly in the policy.  *Collins & Aikman Corp. v. The Hartford Accident & Indemnity Co.,* 416 S.E.2d 591, 594 (N.C. Ct. App. 1992) (explaining that broad and ambiguous definitions of damages are insufficient to exclude coverage for punitive damages and "[i]f [an insurer] 'intended to eliminate coverage for punitive damages it could and should have inserted a single provision stating "this policy does not include recovery for punitive damages"'" (quoting *Mazza v. Medical Mut. Ins. Co.,* 319 S.E.2d 217, 223 (N.C. 1984))).  Here, the Policy language at issue states as follows: "if you pay the premium for liability coverage for the insured auto involved, we will pay damages, other than punitive or exemplary damages . . . ." ECF No. 1-1 at 8.  The Responding Defendants argue this Policy language is ambiguous concerning coverage of punitive damages because "other" has multiple meanings and punitive damages are not found under the list of exclusions in the Policy.  ECF No. 25 at 2.  The Court does not find either of these arguments persuasive.

First, none of the Responding Defendants' definitions of "other" are applicable in this case.  *See id.*  The Responding Defendants argue that the Court should consider the meaning of "other" standing alone.  *Id.*  But, as Plaintiff points out, "other" in the context

of the Policy is modified by "than."  ECF No. 26 at 3–4.  The Court must consider the words used in the Policy in the context in which they appear.  *N. Carolina Farm Bureau*, 851 S.E.2d at 895.  The "meaning in ordinary speech" of "other than" means with the exception of; except for; or besides.  *Other than*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/otherthan (last visited Oct. 15, 2024).  Thus, the plain language of the Policy provides coverage exists for damages other than, or except for, punitive damages.  There is no ambiguity as the plain language of the Policy "is not 'fairly and reasonably susceptible' to multiple constructions."  *N. Carolina Farm Bureau*, 851 S.E.2d at 895 (citation omitted).  The Policy language clearly excludes coverage for punitive damages.

Second, North Carolina law requires only that the Policy clearly exclude coverage for punitive damages.  *See Collins*, 416 S.E.2d at 594 (citing *Mazza*, 319 S.E.2d at 223).  There is no requirement that this exclusion be laid out in a specific provision of the Policy.  *See id.*  Plaintiff did not need to repeat the exclusion of punitive damages again under the exclusion section of the Policy because the Policy clearly and unequivocally excludes coverage of punitive damages in the first instance.  *See* ECF No. 1-1 at 8.  Based on the foregoing, summary judgment is proper as to Plaintiff's claim for declaratory judgment and Plaintiff's Motion is granted.

## B. Counterclaim

The Responding Defendants also filed a counterclaim seeking a declaratory judgment against non-party Progressive Northern.  ECF No. 6 at 4–5.  Progressive Northern has not been joined in this action, and while allegedly related to Plaintiff, is a separate legal entity.  *See id.*  Indeed, the claim against Progressive Northern is not a

counterclaim at all, but rather a new claim against a new party.  Because the Responding

Defendants' counterclaim is not against a named party in this action and the party subject

to the counterclaim has not been joined in this action, it is not properly before this court

and must therefore be dismissed.  *Bonumose Biochem LLC v. Zhang*, No. 3:17-CV-

00033, 2018 WL 3733651 (W.D. Va. Aug. 6, 2018) (striking a "counterclaim" not directed

against existing parties and not joining the new party because the claim was procedurally

infirm).  Accordingly, the Responding Defendants' counterclaim against Progressive

Northern is hereby dismissed without prejudice.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment [23] is

**GRANTED** as to Plaintiff's claim for declaratory judgment, and the Responding

Defendants' counterclaim against Progressive Northern is **DISMISSED** without prejudice.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 24, 2024
Spartanburg, South Carolina

9